IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lawhorn, et al.,                                                                Case No. 3:06CV01570

        Plaintiff,

   v.                                                                                          ORDER

Consolidated Biscuit Company, et al.,

        Defendants.

This is an employment discrimination case in which two terminated employees allege they were unlawfully fired by Consolidated Biscuit Company (CBC) after the employees made efforts to organize a union at the CBC plant.  Plaintiffs have tied their unlawful termination allegations to two Racketeer Influenced and Corrupt Organization claims (RICO).  The original complaint was filed in the Lucas County, Ohio, Court of Common Pleas.  Defendants timely removed the case to this court.  Currently pending is plaintiffs' motion for remand to state court.  For the following reasons, plaintiffs' motion shall be denied.

**Factual Background**

Plaintiffs William Lawhorn and Russell Teegardin were employees at CBC's facility in McComb, Ohio.  CBC fired Lawhorn and Teegardin soon after they helped organize a vote, which ultimately failed among the employees for unionization.  Following the unsuccessful vote, Lawhorn was terminated for taking an unauthorized visitor through the plant and for electioneering.  Teegardin was terminated for sexual harassment and failing to report a fifteen-year-old DUI charge on his employment application.

Plaintiffs allege these reasons were pretextual, and that the company fired them specifically because of their union organizing activities.  Plaintiffs allege that CBC tampered with employee files, named representatives of CBC perjured themselves at NLRB unfair labor practice hearings,  and defendants conspired to fire the plaintiffs. Of most importance to the court currently are the plaintiffs' RICO claims, and the allegations of perjury before the NLRB, located within the RICO claims.

Defendants removed this case to federal court because the complaint was ambiguous as to whether the RICO counts were both state law allegations, or whether one count was a federal RICO allegation and the other a state law based claim.

Defendants also assert that the perjury allegations within the RICO claims are a substantial federal issue requiring review of the NLRB proceedings.  Plaintiffs contend that both RICO claims are state law claims, and that no review of the NLRB proceedings is necessary to adjudicate those claims. Thus, they argue, their complaint raises no substantial federal issue.

For the reasons that follow, I conclude that the complaint suffices to raise a substantial federal issue and the motion to remand shall be denied.

## Discussion

A party may remove a civil case from state court to federal court when the federal court would have original jurisdiction.  28 U.S.C. § 1441(a).  Federal question jurisdiction exists for cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. The removing party has the burden of demonstrating original jurisdiction.  *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989).

Federal question jurisdiction is generally invoked when plaintiffs plead a federal cause of action.  However, the Supreme Court recognizes "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction" in which a federal court has jurisdiction over "state law claims that implicate significant federal issues."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, —, 125 S.Ct. 2363, 2366-7 (2005).

### I.  Presence of a Substantial Federal Issue

Under the recent Supreme Court decision in *Grable & Sons Metal Prods, Inc.,* supra, a federal court may hear a state law claim if the claim raises a substantial federal issue, and federal jurisdiction does not disturb Congress' intended balance of federal and state powers.  545 U.S. at —, 125 S.Ct. at 2368 (2005).

Plaintiffs allege conduct in violation of federal, 18 U.S.C. § 1961(1), and state, O.R.C.. §§ 2921.11, 2921.12, labor law.  (Complaint ¶ 18).  Claims in the present case require not only an evaluation of labor law, but specifically an evaluation of proceedings before the National Labor Relations Board.  Both RICO counts include allegations that defendants "aided and abetted perjury during the unfair labor practice hearings" (Complaint ¶ 21), and that defendants perjured themselves before the Administrative Law Judge (ALJ) at the NLRB hearing (*Id.,* ¶¶ 22, 23, 25, 30, 44).  The perjury allegations require this court to examine the factual and legal basis for the NLRB decision. Only a federal court can review a NLRB proceeding and ask whether any wrongdoing occurred.  In general, federal appellate courts review a final NLRB order.  29 U.S.C. § 160(f).  District courts, however, can review allegations of perjury or misconduct during an NLRB proceeding.  *See, for example, Al May v. United States,* 280 F.2d 555 (6th Cir. 1960) (prosecution of union organizer of perjury in NLRB proceedings, on appeal

3

from decision by district court); *United States v. Horowitz*, 452 F.Supp. 415 (S.D.N.Y. 1978) (charges of perjury and obstruction of proceedings before the NLRB); *Harberson v. Hilton Hotels Corp.*, 616 F.Supp. 864 (D. Colo. 1985) (allegations of perjury in NLRB proceeding). Furthermore, whatever the outcome may be, a district court can review the proceedings for perjury. *Al May v. United States*, 280 F.2d at 562 ("...the fact that the case is won in spite of defendant's false testimony will not render the testimony immaterial"). Perjury and falsified evidence in the NLRB proceedings are beyond the realm of review by state courts, and are properly before this court.

## II. Balance of Federal and State Powers

Because Congress has left review of NLRB decisions and proceedings to the federal courts, this court's exercise of jurisdiction over this case does not disturb the balance of powers between state courts and federal courts. Indeed, this court is fulfilling its congressionally designated duties by accepting a case concerning the NLRB and federal labor law.

Review of NLRB proceedings implicates substantial federal interests, and acceptance of this case does not disturb the balance of state and federal judiciary powers. Thus, it is appropriate for this case to remain in federal court. The motion to remand shall be denied.

## III. RICO Claims: A Federal Cause of Action

As clarified by *Grable & Sons*, supra, a federal cause of action is not necessary for a federal court to obtain jurisdiction. 545 U.S. at —, 125 S.Ct. at 2366-7. This court has jurisdiction under 28 U.S.C. § 1331 even without a federal cause of action, provided there is a substantial federal issue. *See id.* Therefore, the court need not currently decide whether the title of the second count as "Count II: RICO", as contrasted to "Count I: Ohio-RICO", was a forgetful

lapse or a deliberate federal count. Whether "Count II: RICO" is a federal or state claim, this court can accept jurisdiction because both counts concern a substantial federal issue. The motion to remand shall be denied.

## Conclusion

For the foregoing reasons, it is

ORDERED THAT plaintiffs' motion for remand be, and the same hereby is denied. A scheduling conference is set for October 31, 2006 at 3:00 p.m.

So ordered.

                                              s/James G. Carr
                                              James G. Carr
                                              Chief Judge